SAYER and others *v.* LA SALLE & PERU GAS-LIGHT & COKE
Co. and others.

*(Circuit Court, N. D. Illinois.  March, 1880.)*

1. REMOVAL OF CAUSE—CONTROVERSY BETWEEN PARTIES.

> It is the duty of the court, on application for removal of the cause into the circuit court, to inquire into the interest the various parties have in the controversy, and to classify them on one side or the other in accordance with their interest; and if, when thus classified and arranged, it appears there is a controversy between citizens of different states, the cause is properly removable.

2. SAME—JURISDICTION, WHEN NOT TAKEN.

> Where this court could not proceed with the cause without acting directly on the decree rendered in the state court, and the equity claimed by the bill could not be given to plaintiffs without interfering with that decree, this court will decline to take jurisdiction.

In Equity.

*G. S. Eldridge,* for complainants.

*J. S. Cooper,* for defendants.

DRUMMOND, C. J.  A bill was filed in the state court by the plaintiffs as bondholders of what may be termed the old La Salle & Peru Gas-light & Coke Company, under a mortgage given by that company to secure a loan of $40,000.  B. F. Allen was the trustee under that mortgage.  The interest on the bonds was paid for several years, when default was made in the payment of interest.  Between the execution of the mortgage and default in the payment of interest there was a claim filed against the company for a mechanic's lien on the property covered by the mortgage.  A decree was rendered in the same court in which this bill was filed, and the property was sold under that decree for a comparatively small sum; and the Peru & La Salle Gas-light Company, a new company, claims to be the owner under the sale made on the judgment in the mechanic's lien case.

This bill alleges that that judgment was fraudulent, and asks that it be opened or set aside.  It alleges further that although Allen, the trustee of the mortgage already referred to, was made a party, still, that he was a non-resident, and did not appear, and was brought in only by publication, and that he took no part and made no defense in the mechanic's-lien case.  The bill further alleges that the new gas company has given a mortgage on the same property, and the main object of this bill is to enforce the prior mortgage on the property, and also a prior lien as claimed over the last mortgage, as well as the decree or judgment rendered in the mechanic's-lien case.  The

bill also alleges that some of the defendants are owners of bonds under the first mortgage. Application was made in the state court to remove this cause to the federal court, and it was accordingly removed. A motion is made now in this court to remand the cause for the reason that it was not properly removable under the statute.

I think the motion must be sustained. Under a recent decision of the supreme court, (*The Removal Cases*, 10 U. S. 457,) it is made the duty of the court, in order to determine whether or not, under the act of 1875, the cause can be removed, to inquire into the interest which the various parties may have in the controversy, and to classify them on one side or the other, not merely as they happen to be plaintiffs or defendants, but in accordance with their interest; and if, when thus classified and arranged, it shall appear there is a controversy between citizens of the different states, then the cause is properly removable. Under this principle, I think, it may be said that there is not a controversy solely between citizens of different states. But, independent of that, it seems to me that it is hardly practicable to proceed with the litigation in this case without the court acting directly upon the decree which was rendered in the state court in the mechanic's-lien case. The equity claimed by this bill could not be given to the plaintiffs without interfering with that decree, which would be contrary to all recognized principle. So, on both grounds, and particularly the last ground named, it seems to me that this court ought not to take jurisdiction of the case, and it will, therefore, be remanded to the state court.